# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER M. HODGE | CIVIL ACTION |
| VERSUS | NO. 06-11362 |
| WARDEN TRAVIS | SECTION "J" (6) |

## REPORT AND RECOMMENDATION

Christopher Hodge, utilizing the form reserved for prisoners seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, filed the above-captioned action wherein he complains that as a result of a disciplinary charge improperly lodged against him he is losing good time credits.[1] Defendant, Warden Jeffery Travis, has filed a motion for summary judgment, claiming that petitioner has failed to exhaust his state court remedies.

It is well-established that before proceeding to federal court for the purpose of attaining habeas corpus relief, a petitioner must first exhaust his available state court remedies. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in

---

[1] *See In re Cain*, 137 F.3d 234, 236 (5th Cir. 1998), citing *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (prisoner may seek redress for the loss of good time credits via a habeas petition).

a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988).

A westlaw search reveals that the state's highest court, the Louisiana Supreme Court, has adjudicated only one writ application, *State ex rel. Hodge v. State*, No. 2003-KH-0178, 865 So.2d 717 (La. 2004), with respect to petitioner. A review of the pertinent state court record,[2] reveals that the issues raised in the instant federal habeas petition were not presented to and/or adjudicated by the Louisiana Supreme Court.

Summary judgment is appropriate when the evidence submitted to the court reveals that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). In this case, the unrefutable evidence reflects that petitioner has not, as required under 28 U.S.C. § 2254, exhausted his state court remedies. As such, defendant is entitled to a judgment as a matter of law.

Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the motion for summary judgment filed on behalf of defendant, Warden Jeffery Travis, be **GRANTED** and petitioner's application for habeas corpus relief be **DISMISSED** for failure to exhaust his state court remedies.

---

[2] A copy of the state court record associated with petitioner's writ application, No. 03-KH-0178, is attached to defendant's Motion to Supplement the Record (rec. doc. 14) as exhibit 3.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 14th day of August, 2007.

_____
LOUIS MOORE, JR.
United States Magistrate Judge